LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
RAYMOND ALVANDI

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

RAYMOND ALVANDI,

Plaintiffs,

vs.

FIDELITY CAPITAL HOLDINGS, INC., EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 to 10, inclusive,

Defendants.

CASE NO. 14-CV-04379-DSF (AJWx)

NOTICE OF MOTION AND MOTION BY PLAINTIFF RAYMOND ALVANDI FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT FIDELITY CAPITAL HOLDINGS, INC.;

MEMORANDUM OF POINTS AND AUTHORITIES;

REQUEST FOR AN AWARD OF ATTORNEY FEES IN EXCESS OF DEFAULT SCHEDULE

[Fed.R.Civ.P. Rule 54(b), 55(b)(2)]

Date: 2/2/15
Time: 1:30 p.m.
Ctrm: 840 [Roybal]

-1-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

TO THE COURT AND TO ALL PARTIES OF RECORD:

NOTICE IS HEREBY GIVEN that on February 2, 2015, 1:30 p.m., in Courtroom 840 of the above-identified court, located at 255 East Temple Street, Los Angeles, CA 90012-3332, or any other continued date, that Plaintiff RAYMOND ALVANDI ("Plaintiff") will and hereby moves for default judgment by the Court against Defendant FIDELITY CAPITAL HOLDINGS, INC. ("Fidelity"), in accordance with Federal Rules of Civil Procedure Rule 54(b) and 55(b)(2).

Plaintiff hereby submits a memorandum of points and authorities, declarations, exhibits, and a proposed judgment.

Request is further made pursuant to L.R. 55-3 for an award of attorney fees in excess of the default schedule.

Dated: December 18, 2014

LAW OFFICE OF LOUIS P. DELL

*/s/ Louis P. Dell*
Louis P. Dell, Esq.
Attorney for Plaintiff,
RAYMOND ALVANDI

-2-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

## TABLE OF CONTENTS

I. INTRODUCTION. . . . . . . . . . 1

II. DEFAULT JUDGMENT. . . . . . . . . . 1

A. Legal Standard for Default Judgment. . . . . . . . . . 1

III. DEFAULTING PARTY FIDELITY'S LIABILITY. . . . . . . . . . 2

A. Facts. . . . . . . . . . 3

Fidelity Collection Item. . . . . . . . . . 3

Credit Reports. . . . . . . . . . 3

B. First Cause of Action:

Violation of Fair Debt Collection Practices Act (FDCPA). . . . . . . . . . 5

C. Second Cause of Action:

Violation of the California Rosenthal Fair Debt Collection Practices Act. . . . 6

D. Third and Fourth Causes of Action:

Willful and Negligent Violations of the Fair Credit Reporting Act. . . . . . . . . 7

IV. DAMAGES. . . . . . . . . . 9

V. ATTORNEY FEES. . . . . . . . . . 11

CONCLUSION. . . . . . . . . . 12

-i-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

# TABLE OF AUTHORITIES

## CASES

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155. . . . . . . . . . . . . . . . . . . . . . 2

*Guimond v. Trans Union Credit Information Co.,* 45 F.3d 1329. . . . . . . . . . . . . . . . . . . . . . . . 11

*Nelson v. Chase Mahattan Mortgage Corp.* 282 F.3d 1057.. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reynolds v. Hartford Financial Services Group, Inc.,* 435 F.3d 1081. . . . . . . . . . . . . . . . . . . . . . . 9

*Shanghai Automation Instrument Co., v. Kuei,* 194 F.Supp.2d 995.. . . . . . . . . . . . . . . . . . . . . . . 2

*TeleVideo System, Inc. v. Heidenthal,* 826 F.2d 915. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Wu v. Ip,* 1996 WL 428342.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUTES

15 U.S.C. §§ 1681i(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. §§ 1681n(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1681 subd. (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1681s-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1681s-2(b).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 8, 9, 10

15 U.S.C. § 1681s-2(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 1692(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 1692d.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

15 U.S.C. § 1692e(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

15 U.S.C. § 1692e(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

15 U.S.C. § 1692e(8). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 1692f(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

15 U.S.C. § 1692k.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

FCRA, 15 U.S.C. §§ 1681n, 1681o. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

FDCPA, 15 U.S.C. § 1692e(10). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

FDCPA, 15 U.S.C. § 1692k(a)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

-ii-

Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.

Fed.R.Civ.P. 54(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed.R.Civ.P. 55(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed.R.Civ.P. 55(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. § 1681, et. seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 7

15 U.S.C. § 1692, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**STATE STATUTES**

Cal. Civ. Code § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Cal. Civ. Code § 1788.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Civ. Code § 1788, et. seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

-iii-

Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action accuses Fidelity Capital Holdings, Inc. ("Fidelity") of unlawfully and abusively attempting to collect a debt allegedly owed by the plaintiff in violation of the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.] and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et. seq*.] Fidelity is further alleged to have furnished or reported inaccurate information about him in his credit reports in violation of Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 *et. seq*.]

Plaintiff initiated this action on June 6, 2014. Plaintiff served the complaint on defendant, FIDELITY CAPITAL HOLDINGS, INC., also dba Fidelity Creditor Service, Inc., (hereinafter "Fidelity") on June 12, 2014, via substitute service, as evidenced by the proof of service on file with this Court [doc 19]. The time allowed by law for responding was July 13, 2014 with no response or answer being filed. A default was entered by the clerk against Fidelity on 8/1/14 [doc 21]

## II. DEFAULT JUDGMENT

### A. Legal Standard for Default Judgment

Pursuant to Fed.R.Civ.P. 55(b), a court may order default judgment following the entry of default by Clerk of the Court.  Further, default judgment may be entered upon a defendant who is not an infant or incompetent person. See Fed.R.Civ.P. 55(b)(2).

In addition, after default, properly pled allegations of the complaint relating to a defendant's liability are deemed true, with the exception of the amount of damages. *TeleVideo System, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Once injury is established, through a properly pleaded complaint, plaintiff need only prove that the "compensation sought relates to the damages that naturally flow from the

-1-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

injuries pled." *Wu v. Ip, 1996 WL 428342*, *1 (N.D. Cal. July 25, 1996) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir.1992)).

B. Legal Standard for Final Judgment under Fed.R.Civ.P. 54(b)

Fed.R.Civ.P. 54(b) states that:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In this present action, Plaintiff seeks default judgment against fewer than all defendants. The statute provides that this court has the authority to enter judgment on less than all the parties if it "expressly determines that there is no just reason for delay." *Id.*

Just cause for delay in entering judgment is most often grounded in the desire to avoid an inconsistent result in a single action. *Shanghai Automation Instrument Co., v. Kuei*, 194 F.Supp.2d 995, 1009 (9th Cir. N.D. Cal. 2001) As reflected in the Complaint [doc 1] and in Section III, Fidelity's liability under the FCRA, FDCPA, and Rosenthal claims is independent from the other defendant Experian Information Solutions, Inc. who is alleged to be liable under separate FCRA provisions provisions. Accordingly, this Court can enter final judgment against Fidelity and there is no just cause for delay. The Court should enter a final judgment against Fidelity.

III. DEFAULTING PARTY FIDELITY'S LIABILITY

The defaulting defendant is liable for damages, attorney fees, and costs under the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.]; the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") [Cal. Civ. Code § 1788, *et. seq.*], each of which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; and under to the Fair Credit Reporting Act

-2-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

(FCRA) [15 U.S.C. § 1681 et. seq.].

A. Facts

Fidelity Collection Item

The plaintiff is an individual consumer, residing in the State of California, County of Los Angeles. [Alvandi Decl., ¶ 2]

On or about November and December 2008, he received medical services from Fowrooz S. Joolhar, M.D. To his knowledge, these medical services were timely paid in full. He learned much later that Joolhar's records allegedly indicated a balance due of $523.78. He does not, and did not, owe $523.78 or any other sum on the Joolhar account. He never received a bill, statement of account, or other notice from Joolhar that he owed anything beyond what had already been paid. [Alvandi Decl., ¶ 3]

Credit Reports

In September 2012, the plaintiff learned from reviewing his credit reports that Fidelity was attempting to collect on an unknown collection item (which only later did plaintiff learn was the Joolhar account). [Alvandi Decl., ¶ 4]

He never received a debt collection letter from Fidelity but it did continually furnish a collection item on my Experian and Trans Union credit reports. For several months, the credit reports listed the collection item as Fidelity and only later did the reports identify Joolhar as the original creditor. The collection item increases over time, appearing to accrue interest when there was no contractual or legal basis for interest accrual. The amounts Fidelity reported to the credit reporting agencies was inaccurate even were the plaintiff found to have actually owed $523.78 to Dr. Joolhar. [Alvandi Decl., ¶ 5]

The plaintiff retained the services of Lexington Law to assist him in correcting or removing those items from his credit reports. [Alvandi Decl., ¶ 6] Experian credit reports were provided to Lexington Law Firm, who represented the plaintiff, which show the adverse collection item furnished by Fidelity. [Alvandi Decl., ¶ 7; Exhs.1, 3, 13] Experian credit reports were also provided directly to the plaintiff. [Alvandi Decl.

-3-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

¶ 7; Exhs. 14-22] The Experian credit reports reveal that Fidelity was reporting as of August 2009 [Exh. 1, "Date Opened"] and continuing to present. [Exh. 22]

Trans Union credit reports were provided to Lexington Law Firm, which also show the adverse collection item furnished by Fidelity. [Alvandi Decl., ¶ 8; Exhs.4 - 9] Each of these credit reports reflect that Fidelity was reporting as of August 2009 [Exh. 4, "Date Opened"] and continuing until May 2013. [Exh. 9]

Other credit reporting agencies also reported the Fidelity item as well, including CSI Credit Report, CSIdentify, and Experiandirect.com. [Alvandi Decl., ¶ 9; Exhs.10 - 12] The Experiandirect.com report shows that Fidelity is reporting the item as being assigned to an attorney which implies that legal action is being taken. [Exh. 12]

Fidelity knew that it did not have a legal right to collect on the Joohar account which is why it was not sending debt collection letters to the plaintiff. That way it would not have to validate the debt as required under the FDCPA, § 1692g [requiring debt collector to notify debtor of right to have debt validated after initial debt collection letter sent]. Instead, it placed the item in his credit reports where it would remain and financially paralyze him until he paid it. [Alvandi Decl., ¶ 11] The defendant acts as described above were done intentionally with the purpose of coercing the plaintiff to pay the debt.

In August 2014, Plaintiff disputed the Fidelity credit item with and Experian conveyed to Fidelity a notice (called an ACDV) that triggered Fidelity's investigation and reporting duties under 15 U.S.C. § 1681s-2(b). [Alvandi Decl., ¶ 12; Exh. 22] The reinvestigation results show that Fidelity did not show that the item was disputed. [Decl., ¶ 12; Exh. 23]

The plaintiff spent a substantial amount of hours throughout the months worrying about this Fidelity collection item on his credit reports. It was quite a frustrating humiliating experience because for several months he was afraid to make any credit applications, knowing that he would be refused. [Alvandi Decl., ¶ 10]

The plaintiff's credit score was as low as 592 in May 2013 [Exh. 10, p.1].

-4-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

[Alvandi Decl., ¶ 13] The plaintiff recently explored having his home refinanced but was advised that with the Fidelity collection item on his report, his loan application would be denied and that the process would lower his credit score. [*Id.*] He wanted to purchase a new car but, again, was told by the dealer that if he submitted a credit application it would be denied due to the Fidelity collection item. [*Id.*] This type of financial paralysis worried him and affects his relationship with his wife. [*Id.*] It is humiliating and he continues to lose sleep and has stress headaches while worrying about what to do. Before this happened he rarely had stress headaches. [*Id.*] He suffers from this type of anxiety every single day thinking about this collection. [*Id.*]

B. <u>First Cause of Action:</u>
<u>Violation of Fair Debt Collection Practices Act (FDCPA)</u>

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Non-compliance with the regulations will subject the debt collector to liability. 15 U.S.C. § 1692k.

Plaintiff did not recognize Fidelity has a creditor or potential creditor. Fidelity, by failing to report the original creditor when it reported the information to the credit reporting agencies, misled the plaintiff. Plaintiff did not owe the principal $523.78 or interest thereon. Each credit report listed an incorrect and false amount of money owed by the plaintiff because he had no such contract or statement of account with that principal owing or accrual of interest. The foregoing acts and omissions on the part of defendant Fidelity constitute violations of the FDCPA in the following manner:

- The credit item furnished to the credit reporting agencies is a false representation of the character and amount of money owed on the alleged debt. (15 U.S.C. § 1692e(2))

-5-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

- Fidelity implied that the collection item was assigned to an attorney for collection which constitutes an implied threat to take legal action which cannot not legally be taken by Fidelity because the any legal cause of action was barred by the statute of limitations or the defendant had no intention of actually bringing legal action.
(15 U.S.C. § 1692e(5))

- Despite having received at least one notice that the debt was disputed, Fidelity continued to report the debt to Experian without indicating that the debt was disputed.
(15 U.S.C. § 1692e(8))

- Each of the acts described above violated FDCPA, 15 U.S.C. § 1692e(10) by using false or deceptive representations or means to collect or attempt to collect any debt; 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect any debt; 15 U.S.C. § 1692d which prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Fidelity is liable to plaintiff for each and every violation described in this complaint under Federal law Title 15, United States Code § 1692k as more particularly described in Section IV, Damages.

C. Second Cause of Action:
   Violation of the California Rosenthal Fair Debt Collection Practices Act

Because each of Fidelity's actions and omissions violated the language the FDCPA, then each of Fidelity's actions also violated Cal. Civ. Code § 1788.17 as it incorporates the FDCPA.

-6-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

Cal. Civ. Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.

Fidelity's acted intentionally with the purpose of coercing the plaintiff to pay the debt. (Complt, ¶ 64)

Fidelity is liable to plaintiff for each and every violation described in this complaint under Cal. Civ. Code § 1788.30 as more particularly described, *infra*, in Section IV. Damages.

D. Third and Fourth Causes of Action:

Willful and Negligent Violations of the Fair Credit Reporting Act

The FCRA is the product of congressional concern over abuses in the credit reporting industry. It was crafted to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner. See, 15 U.S.C. § 1681 subd. (a).

The third and fourth causes of action seek damages, attorney fees and costs brought pursuant to the Fair Credit Reporting Act (FCRA) [15 U.S.C. § 1681 et. seq.] The FCRA imposes civil liability for negligent and/or willful noncompliance against any person who fails to comply with "any requirement imposed under this subchapter." (15 U.S.C. §§ 1681n(a) [liability for willful non-compliance], 1681o(a) [liability for negligent non-compliance])

The complaint invokes 15 U.S.C. § 1681s-2(b) which applies to a "furnisher" of information provided to credit agencies. The duties of a furnisher, as set forth in § 1681s-2(b), arise when the furnisher receives notice from a consumer reporting

agency that a consumer has disputed the completeness or accuracy of information in the consumer's file. See 15 U.S.C. § 1681s-2(b)(1); 15 U.S.C. §§ 1681i(a)(1)&(2).

FCRA, 15 U.S.C. § 1681s-2(b)(1) provides:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—(A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

The person who furnished the information in dispute to the credit reporting agency shall, after receiving notice of the dispute, shall promptly notify the consumer reporting agency of any corrections to that information that is necessary to make it complete and accurate. (15 U.S.C. § 1681s-2; see also *Nelson v. Chase Mahattan Mortgage Corp.* 282 F.3d 1057 (9th Cir. 2002). The FCRA, 15 U.S.C. § 1681s-2(b), specifies that the furnisher of the disputed information, has four duties: to conduct an "investigation with respect to the disputed information;" to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information."

Fidelity violated § 1681s-2(b) by failing to remove the collection item from the plaintiff's credit reports.

A person is liable for a willful violation of FCRA if it "knowingly and intentionally committed an act in conscious disregard for the rights of others."

-8-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

*Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081, 1085 (9th Cir. 2006) A person is liable for a negligent violation of the FCRA if it violates the FCRA by failing to use reasonable care. Civil Code § 1714(a) ["Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person . . . ."]

The facts reflect show that Fidelity is liable as a "furnisher" of information on the Experian credit report. Plaintiff disputed information with Experian [Dell Decl., ¶ 4; Exh. 22] and Experian conveyed to Fidelity a notice (called an ACDV) that triggered Fidelity's investigation and reporting duties under 15 U.S.C. § 1681s-2(b). The reinvestigation results show that Fidelity did not correct the information and instead continued reporting the account as delinquent balance. [Decl., ¶4; Exh. 23]

## IV. DAMAGES

Pursuant to the FDCPA, 15 U.S.C. § 1692k, plaintiff is entitled to recover from the defaulting party NCCI, actual damages sustained by the plaintiff in addition to damages of not less than $1,000 for each violation of its provisions. Note that some claims allege violations of multiple provisions. The following table is a breakdown of statutory damages and actual damages sought:

-9-

Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.

| Statutory Damages | |
|---|---|
| **FDCPA Provision Violated** | **Amount** |
| 15 U.S.C. § 1692e(2)<br>False Representation of character and amount of money owed on credit reports | $1,000 |
| 15 U.S.C. § 1692e(5)<br>Implied threat to take legal action which cannot not legally be taken | $1,000 |
| Catchall provisions:<br><br>15 U.S.C. § 1692e(10)<br>False or deceptive representations or means to collect or attempt to collect debt<br><br>15 U.S.C. § 1692f(1)<br>Using unfair or unconscionable means to collect or attempt to collect debt<br><br>15 U.S.C. § 1692d<br>Engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" | $1,000 |
| | |
| **FCRA Provision Violated** | |
| 15 U.S.C. § 1681s-2(b)<br>Failing to remove the collection item from the plaintiff's credit reports | $1,000 |
| | |
| Total Statutory Damages: | $4,000 |
| | |
| Actual Damages from FDCPA and FCRA violations<br>Amount Sought As Per Alvandi Decl. ¶ 13 | $100,000 |
| | |
| Punitive Damages: Willful FCRA Violation<br>Amount Sought As Per Alvandi Decl. ¶ 13 | $100,000 |
| | |
| **All Damages:** | **$204,000** |

-10-

Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.

The term "actual damages" has been interpreted to include recovery for emotional distress and humiliation. *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA. (Id.)

V. ATTORNEY FEES

A plaintiff who prevails in an action brought under the FDCPA or FCRA is entitled to fees and costs as follows:

(1) FDCPA, 15 U.S.C. § 1692k(a)(3) "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

(2) FCRA, 15 U.S.C. §§ 1681n, 1681o "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

Request is made pursuant to L.R. 55-3 for an award of attorney fees in excess of the default schedule. Prosecuting this case against Fidelity required legal research to address the issues created by its conduct of reporting an uncollectible debt to the credit reporting agencies while not sending out debt collection letters to the plaintiff which shields it from the FDCPA requirement of validating the debt. This coercive tactic ruined the plaintiff's credit score in an attempt to compel the plaintiff to pay the invalid and uncollectible debt. Plaintiff's counsel reviewed over 800 pages of documents provided by Lexington Law and by defendant Experian which contained various validation requests, credit reports, and other pertinent matters. [Decl. Dell, ¶ 10]

Plaintiff's counsel's accounting of attorney fees and costs is set forth in Exhibit 25 and an attorney fee survey in support of the hourly rate is attached as Exhibit 26. The attorney fees are $22,725.00. The total attorney time from February 14, 2014, to

-11-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**

December 18, 2014 (plus the estimated time for default hearing), is 50.5 hours. Plaintiff's counsel's hourly rate is $450 which is reasonable based upon his experience and qualifications. He has been awarded attorney fees at the rate of $400/hour by the state and federal courts as long ago as December 2010. The 2011 National Law Journal survey [Exhibit 25] supports plaintiff counsel's hourly rate.

In the instant action, plaintiff's counsel is requesting fees and costs in the amount of $22,725.00. [Decl. Dell ¶ 9-11; Exh. 25]

CONCLUSION

Based on the foregoing, Plaintiff Raymond Alvandi requests this Court enter default judgment against Defendant Fidelity.

Money damages are $204,000 and attorney fees are $22,725.00.

Dated: December 18, 2014

LAW OFFICE OF LOUIS P. DELL

/s/ *Louis P. Dell*
Louis P. Dell, Esq.
Attorney for Plaintiff,
RAYMOND ALVANDI

-12-

**Notice of Motion and Motion by Plaintiff Raymond Alvandi for Default Judgment by Court Against Defendant Fidelity Capital Holdings, Inc.**