UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-4379 DSF (AJWx) | Date | 1/28/15 |
|---|---|---|---|
| Title | Raymond Alvandi v. Fidelity Capital Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Motion for Default Judgment (Dkt. No. 29)

The Court has reviewed the materials provided by Plaintiff and finds no reason not to enter default judgment against defaulted defendant, Fidelity Capital Holdings, Inc. Taking the allegations of the complaint as true and having reviewed the supplemental materials provided with the motion, the Court finds that violations of both the Fair Debt Collections Practices Act and the Fair Credit Reporting Act have been established.

As for damages, Plaintiff requests both actual and statutory damages. The request of actual damages of $100,000 is not supported by Plaintiff's fairly cursory declaration. Plaintiff has not adequately linked Fidelity's actions to his failure to obtain credit in light of the other negative credit items on his credit report. And even if Fidelity's actions were the cause of Plaintiff's failures to obtain credit, he has failed to provide any account of concrete loss suffered due to the lack of credit. The inconvenience and stress described in the declaration can be adequately compensated with an award of $5,000. Punitive damages will not be awarded. Plaintiff requests statutory damages for each type of violation of the FDCPA, but, while the statute is not perfectly clear, the weight of authority interprets the FDCPA to allow for a single award of up to $1,000 for each case. See Marseglia v. JP Morgan Chase Bank, 750 F. Supp. 2d 1171, 1179-80 (S.D. Cal. 2010) (reviewing cases). Therefore, the Court will award $1,000 in statutory damages under the FDCPA and $1,000 in statutory damages under the FCRA.

The request for attorney's fees is too high both in the hourly rate requested and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

hours billed. This Court utilizes the CEB/TyMetrix Real Rate Report, which it finds more closely represents the true state of billing practices in the Los Angeles area legal community.[1] According to the 2013 Real Rate Report, the median rate for non-insurance litigation partners in firms between 1 and 50 people in the Los Angeles was $300 per hour and the third quartile was $375 per hour. Given this data, the Court sees no reason to award Plaintiff's counsel more than $325 per hour. The Court also finds that the requested 50.5 hours, while not exorbitant, is somewhat too high for a case of this magnitude that is being resolved via default. The Court will allow 46 hours for a total fee of $14,950.

The motion for default judgment is GRANTED. Plaintiff is awarded damages of $7,000, attorney's fees of $14,950, and costs as taxed by the Clerk.

IT IS SO ORDERED.

---

[1] Unlike many other resources, the Real Rate Report uses actual bills received by clients rather than surveys.