Lloyd Douglas Dix (S.B.N.: 110489)
Nancy Pack-Rayman (S.B.N.: 137421)
Jonathan Rubinfeld (S.B.N.: 305281)
**DIX LAW, APLC**
22287 Mulholland Highway
PMB 414
Calabasas, CA 91302
Telephone: (818) 876-3000
Facsimile: (818) 876-3030

Attorneys for Defendant:
**FIDELITY CREDITOR SERVICE, a California corporation**

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND ALVANDI<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY CAPITAL HOLDINGS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number:14-CV-04379-DSF (AJWx)<br><br>**DEFENDANT FIDELITY CAPITAL HOLDINGS, INC., NOTICE OF MOTION AND MOTION TO VACATE VOID JUDGMENT PURSUANT TO FRCP 60(b)(4); DECLARATION OF CLINTON SALLEE AND LLOYD DOUGLAS DIX; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: 25 July 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 840 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES:**

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

**PLEASE TAKE NOTICE THAT ON** 25 JULY 2016 at 1:30 p.m. in Courtroom 840 of the above-entitled Court located at 255 East Temple Street, Los Angeles, CA 90012-3332, FIDELITY CAPITAL HOLDINGS, a California corporation (hereinafter referred to as "FCH") shall Move this Court for an Order setting aside the Void Judgment entered by this Court. Said Motion is made pursuant to F.R.C.P. 60(b)(4) and is based upon the fact that FCH was never served with a Summons and Complaint in this action and the Judgment as entered is void as against it.

Said Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and the concurrently submitted Declarations of Clinton Sallee, and Lloyd Douglas Dix. This Motion will be based on the grounds that the Summons and Complaint were not served upon FCH in accordance with California Law and were served in violation of its due process rights. This Motion is based on the fact that the defect in service is evident on the face of the Proof of Service, in that there were contradictory and necessarily false proofs of service submitted, service was not accomplished in conformity with law, and there were not the necessary attempts at personal service or due diligence prior to attempting Substituted Service.

This Motion is based upon such Oral and Documentary as may be presented at the hearing, in addition to all evidence already on file herein. in addition to such evidence as may be submitted at the time of the hearing, in addition to such documents are already on file herein.

Dated: 19 June 2016

Respectfully Submitted:
DIX LAW, APLC

By: /s/ Lloyd Douglas Dix
Attorneys for Defendant
FIDELITY CAPITAL HOLDINGS

Dix Law
A PROFESSIONAL CORPORATION
22787 Mullholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

## I. SUMMARY OF ARGUMENT

California Law requires that an attempt must be made at personal service prior to attempting substituted service. If substituted service is attempted then it must strictly comply with the requirements of law. In the case at bar, there was no attempt at personal service, and the substituted service did not comply with applicable law. Moreover, there were two completely conflicting Proofs of Service executed in this matter, both of which claim to be executed under penalty of perjury. The filing of a patently false proof of service by itself, mandates that the Judgment be vacated.

A corporation may be served by serving its authorized agent, or an officer of the corporation. If the Agent for Service of Process or officer of the corporation is not available, then substituted service may be had by leaving the Summons and Complaint at the Agent or Officer's usual place of business. There must first be three (3) attempts to serve the Agent for Service of Process or an Officer of the corporation, prior to utilizing substituted service. In the case at bar, the process server attempted to serve Walt Carlton. Mr. Carlton has never been the Agent for Service of Process for Fidelity Capital Holdings. He was the Agent for Service of Process for Fidelity Creditor Service. Fidelity Creditor Service was a corporation which was dissolved in 2006, and is not a named Defendant in this action. Mr. Sallee was always the Agent for Service of Process for Fidelity Capital Holdings.

Moreover, the proof of service on its face, indicates that there was only one attempt to serve anyone (including the improperly named Walt Carlton), prior to allegedly completing the defective Substituted Service this matter. For all of these reasons, the Proof of Service is void on its face, the Court never acquired jurisdiction over Fidelity Capital Holdings and the Judgment entered by this Court is void.

Finally, the Proof of Service indicates that the receptionist being served was never advised as to the purpose of the documents. This is an express requirement

Dix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

of the Statute and failure to identify the documents renders any alleged service void.

## II. A VOID JUDGMENT MAY BE SET ASIDE AT ANY TIME

> "A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed. 1933); see also id., at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., §12."

*United Student Aid vs. Espinosa* 559 US 260 (2010) at page 268.

"Default judgments are ordinarily disfavored," and "cases should be decided on their merits whenever reasonably possible." *Eclipse Group LLP v. Fortune Mfg. Co., Ltd.*, No. 14cv0441-GPC-WVG, 2014 WL 6907897, at *2 (S.D. Cal. Dec. 8, 2014) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

Under Federal Rule of Civil Procedure 55(c), the court may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Rule 60(b)(4) allows the court to set aside a judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A **default judgment is void where a court lacks personal jurisdiction over the defendant due to insufficient service of process**. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). [Emphasis Added.] A motion to set aside a judgment for lack of jurisdiction may be made at any time. Id. **There is no discretion for a district court to exercise under Rule 60(b)(4); either a judgment is void or it is valid.** *Thomas P. Gonzales Corp. v. Consego Nacional de Produccion de Costa Rica*, 614 F.3d 1247 (9th Cir. 1980).

## III. THE CONTENTS OF THE PROOF OF SERVICE DEMONSTRATE THAT HE PROOF OF SERVICE IS VOID UNDER CALIFORNIA LAW

### A. PLAINTIFF HAS FILED TWO DIFFERENT PROOF'S OF SERVICE, BOTH UNDER PENALTY OF PERJURY WHICH EXPRESSLY CONTRADICT EACH OTHER

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

On 15 June 2014 the Process Server executed a Document entitled "Proof of Service Summons and Complaint." The Document was filed with this Court on 2 July 2014 as Document Number 10. That Document specifically states that the Process Server served the document by handing it to the receptionist.

"... by personal service. I **personally delivered** the documents listed in Item 2 to the party or person authorized to receive the process for the party (1) on Thu., Jun 12,2014(2) at 11:47 a.m."

Proof of Service Summons and Complaint, filed 2 July 2014 as Document 10.

That same date, the same Process Server executed an Affidavit of Due Diligence under penalty of perjury. The Court had apparently rejected the Process Server's Claim of Personal Service. The Process Server executed the previously described Affidavit of Diligence which purportedly described the events in detail leading to the alleged Service of Process. The document was filed with this Court as Document 19 and was filed on 30 July 2014. The Document alleges that at "Thu 06/12/14 at 11:47 a.m"., the same time that the Process Server previously stated that she personally delivered the documents to Leticia Doe, she served Leticia Doe by Substituted Service, stating:

> "Upon arrival server called defendant from their call box. A Hisp. Fem., Age:30's, Ht 5'4" Wt. 185, Black Hair, who identified herself as Leticia answered. Leticia stated that Walter H. Carlton, the Registered Agent of Service was no longer there. **Server informed her that the documents were for the company** and asked her to call a manager. She refused to call anyone and instructed the server to leave the documents in their mail box and walked away."

Affidavit of Reasonable Diligence, filed 7/30/14 as document 10. [Emphasis Added]

The Affidavit of Reasonable Diligence continues by admitting that the Process Server never actually gained entrance to the building, and never actually personally delivered anything to anyone, in express contravention of her prior statement under penalty of perjury. The Affidavit of Reasonable Diligence expressly states: "...

LETICIA DOE Person apparently in charge who refused to give any information or give Server entry into the office."

The Process server has provided two conflicting affidavits executed the same day, both under penalty of perjury. In the first affidavit she unequivocally states that on 12 June 2014 at 11:47 a.m. the Process Server personally handed the documents to Leticia Doe. In the subsequently filed Affidavit of Due Diligence, the Process Server unequivocally states that Leticia Doe provided no information, denies entry to the Building and simply advises the server to leave whatever documents that ".... were for the company" in the outside mailbox.

Since these two affidavits both executed under penalty of perjury materially contradict each other the Court cannot consider either affidavit to be trustworthy. Moreover, the difference is extremely prejudicial to FCH. The second affidavit entitled Due Diligence, indicates that Leticia Doe was the person in charge and that she specifically authorized the Process Server to leave the **documents for the company in the mailbox**. There is no showing anywhere in the Process Server's description of the discussion that the Process Server **ever** advised Leticia Doe that she was being served with a Summons and Complaint. This statement is not found anywhere in the description of the events that occurred. The only statement contained in the Affidavit of Due Diligence is that Leticia Doe was advised that the server had "... documents for the company".

It would not be uncommon for a receptionist to tell a messenger to put innocuous documents which were being delivered to the company, in the Company mailbox. California law expressly requires that a Process Server specifically identify that a person is being served with a Summons and Complaint when the Process server is effecting Substituted Service. This will be discussed in more detail, *infra*.

The material misstatement in the two affidavits regarding service, prejudices FCH in that assuming that the Court found the Affidavit of Due Diligence to be trustworthy, which it should not, Leticia Doe would not have been able to determine



Rix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

whether or not she was authorized to accept service of process since she never had actually knowledge that that she was being served. Had the Process Server handed the papers to the receptionist, the receptionist would have advised the Server that she was not authorized to accept service of process in accordance with company policy [See Declaration of Clinton Sallee].

### B. THERE HAS NEVER BEEN AN EMPLOYEE OF FIDELITY CAPITAL HOLDINGS NAMED LETICIA

The Process Server indicates that he was told to leave the Summons and Complaint in Fidelity Capital Holding's mailbox by the receptionist, Leticia. As can be seen from the attached Declarations of Clinton Sallee and Lloyd Douglas Dix, there has never been a receptionist named Leticia. In 2014 the receptionist was named "Ruth".

## III. SERVICE UPON A CORPORATION IS GOVERNED BY FRCP 4(h)

FRCP 4(h) provides for service upon a corporation as follows:

"Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant..."

FRCP 4(h)(1)

In the case at bar, the Plaintiff does not allege that he served any of the authorized persons enumerated for service of process. Rather, the process server indicates that she attempted to effect substituted service on Walter Carlton. Walter Carlton was not the agent for service of process of Fidelity Capital Holdings. He was the agent for Service of Process of Fidelity Creditor Service; however, Fidelity



DIX LAW
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

Creditor Service is not a named Defendant in this action, and moreover, Fidelity Creditor Service has been a defunct corporation for approximately 10 years. [See Declaration of Clinton Sallee].

**A. SUBSTITUTED SERVICE IN CALIFORNIA REQUIRES THAT THE PROCESS SERVER ADVISE THE PERSON BEING SERVED THAT THEY ARE BEING SERVED**

The California statute authorizing substitute service expressly provides that the party effecting subservice tell the person being served that they are being served with a Summons and Complaint. This is expressly stated in the statute as follows:

"(b) If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, **who shall be informed of the contents thereof** ..."

California Code of Civil Procedure § 415.20(b). [Emphasis Added..]

The Process Server's own version of events, as fully described in the previously described Affidavit of Due Diligence specially and unequivocally indicates that the Process Server never advised the receptionist that she was being served with legal process. At best, the receptionist was advised that the Process Server had "...documents for the company".

Although the receptionist was never advised as to the nature of the documents, and merely stated that all papers left for the company should be placed in the mailbox, the Server concluded that the receptionist was authorized to accept service of process. The two concepts are inherently different.

The Server violated the express terms of the Statute in addition to the spirit of the Statute. The Statute has a requirement to advise the person accepting Substituted Service that he/she is being served, specifically to protect the person being served. After the Process Server fraudulently stated that she personally

Dix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

Mix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

handed the papers to the receptionist, the server then admits that she never handed the papers to the receptionist and/or advised the receptionist that she was being served with a Summons and Complaint.

> "When jurisdiction is obtained by a prescribed form of constructive notice, **the statutory conditions upon which service depends must be strictly construed; there must be strict compliance with the mode prescribed in the statute. Conformance with the statute is deemed jurisdictional and absence thereof deprives the court in the particular action of power to render a judgment.** (Sternbeck v. Buck, 148 Cal. App. 2d 829, 832 [307 P.2d 970]; Pinon v. Pollard, 69 Cal. App. 2d 129, 133 [158 P.2d 254].)"

*Eagle Electric Mfg. Co. v. Keener*, (1966) 247 Cal.App.2d 246 at 250-251

In the case at bar, it is apparent from the face of the two (2) differing proofs of service, that there has not been compliance with any of the Statutes regarding Substituted Service. The Server did not indicate the true nature of the documents, and incorrectly assumed that the receptionist had authority to accept the Summons and Complaint even though the Process Server never advised the receptionist of the true nature of the server's visit. Strict compliance with the Statutory scheme is required. This is especially crucial, whereas is the case here, the Statute is specifically designed to prevent this very type of situation from occurring.

## B. SUBSTITUTED SERVICE IN CALIFORNIA REQUIRES REASONABLE ATTEMPTS AND PERSONAL SERVICE AND THEN THREE ATTEMPTS AT DUE DILIGENCE PRIOR TO EFFECTING SUBSTITUTED SERVICE

The California statute authorizing substitute service expressly provides that such service is only permitted after reasonably diligent efforts at personal service have been made. Id.; see also *Burchett v. City of Newport Beach*, 33 Cal. App. 4th 1472, 1477 (Cal. Ct. App. 1995) ("[p]ersonal delivery must be attempted in all cases where [substitute] service is used") (internal quotation marks omitted); *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 802 (Cal. Ct. App. 1979) (exercising reasonable diligence to effect personal service is a mandatory prerequisite for substitute

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mullholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

service). Plaintiff bears the burden to show reasonable diligence to effect personal service. *Evartt*, 89 Cal. App. 3d at 801.

In the case at bar, the sole attempts at personal service of the corporation, were the two attempts to serve Walt Carlton. These attempts were illusory at best. Mr. Carlton was not the Agent for Service of Process or an Officer of the corporation. Mr. Carlton had long since retired, and this was not his place of business. As such, there could be no substituted service upon Mr. Carlton at this address since it was neither his residence nor his place of employment. He did not receive mail there.

Once the Process Server made contact with the receptionist, the Process Server was advised that she could not serve Mr. Carlton at this address. The Server should have begun her diligence in attempting to personally serve the corporation through other means. The Server could have checked the Office of the Secretary of State and determined that Mr. Sallee was the agent for service of process. She could have returned to the office and asked for Mr. Sallee, and/or tried other mechanisms to serve Mr. Sallee. The Server could have also tried other methods for personally serving the corporation. Instead, without any attempts at trying to personally serve any officer, she alleged substituted service, without any diligence whatsoever, and without following the other statutory requirements. The prior diligence consisted solely of trying to serve Mr. Carlton and not the corporation.

In Burchett, supra, the Court specifically addressed the requirements for Substituted service:

> "In Espindola v. Nunez (1988) 199 Cal. App. 3d 1389 [245 Cal. Rptr. 596], we addressed a situation where there was reasonable diligence in attempting service. "[T]he process server attempted three times to serve [defendants] personally at their home. On the fourth try, he found [wife] at home and served her. Knowing that she was Jose's wife and a codefendant in the action, the process server left Jose's copy of the summons and complaint with her .... Under these circumstances, reasonable diligence was shown. 'Ordinarily, ...

two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.' [Citation.]" (Id. at pp. 1391-1392.) The present case bears no resemblance to Espindola. There was not even one attempt made to effect personal service. The papers were unceremoniously dumped on the desk of a deputy clerk."

Burchett, supra, at page 1477 -1488.

In the case at bar, there was no due diligence attempts at trying to serve anyone other than Walt Carlton, prior to alleging substituted service on a person who was neither the authorized agent for service of process, nor a person authorized by the corporation to receive service of process . The process server simply attempted substituted service once she learned that Walt Carlton was not there.

The Judicial Council of California specifically identifies the rules for Substituted Service on its website:

"For substituted service:

The server tries to personally serve the papers on the other party a number of times (usually 3 or more) but cannot find the party at home (or work, if that is the address the server has). The server must try different days of the week and different times of the day, at times when the other person is likely to be home (or at work if serving him or her there).
If the server is unable to find the person to be served on each one of those times, he or she can, on the last attempt, leave the papers with someone at the other party's house, at least 18 years old, who lives there. If the server is trying to serve the papers at the other party's work, then the papers can be left with someone at the office that appears to be in charge and is at least 18 years old."

Here the server did not make any such effort. The process server did not try to serve a person authorized by law to receive said service. The first time that service was attempted, the server alleges that there was no answer at the door. The alleged attempt occurred on a weekday during normal business hours. There was a second time where the server again attempted to serve Walt Carlton although he was not employed by Fidelity Capital and was not the Agent for Service of Process. Due Diligence does not allow substituted service where there were no attempts to first personally serve the corporation.

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

Mix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

C. THE ATTEMPT TO SERVE WALT CARLTON ON 11 JUNE 2014 IS APOCRYPHAL

The Process Server indicates that she attempted to serve FCH on Wednesday 11 June 2014 at 9:00 in the morning, but that there was no answer on the "call box" when he called the business. [See Affidavit of Diligence, filed 07/30/14 as Document 19.] FCH is a collection agency with a satellite office in Ventura, California. Office hours commence at 8:00 a.m., and the office is open every business day, with the exception of legal holidays and an extended closure the last part of December. The office would have been open at 8:00 a.m. on 11 June 2014. Since the office receives Federal Express, United Parcel Service, messenger services between offices, Court runners, etc., the receptionist Ruth would have answered the call box at 9:00 a.m. on a normal business day. In light of the other falsehoods already demonstrated in the alleged Proofs of Service, this is simply another falsehood which does not make sense.

## V. CONCLUSION

In conclusion, the following deficiencies have been identified:

1) The two (2) proof of services, both of which are executed under penalty of perjury, and filed in this matter expressly contradict each other in material respects leading to the inexplicable conclusion that one or both is fraudulent. By virtue of the foregoing, the Court should strike both Proofs of Service as being inherently contradictory and unreliable;

2) The Court has already concluded that there is no Personal Service in this matter and the Plaintiff is not contending Personal Service as the Plaintiff subsequently submitted an Affidavit of Substituted Service;

3) There is no Substituted Service because there was never any attempt to personally serve the Defendant. There was only a single attempt to

serve Walt Carlton, a person who was not the Agent for Service of Process, nor was he even located at the premises having retired years before;

4) There is no Substituted Service because there no was no due diligence attempts to serve the corporation, only a single attempt to serve a person who neither worked or lived there;

5) There is no Substituted Service because the Process Server never advised the receptionist that she was being served with a Summons and Complaint;

6) The is no Substituted Service because there is no showing that the receptionist was authorized to accept service of process where there has been insufficient due diligence and she had no knowledge of the contents of the documents;

7) Service of Process by Substituted Service must strictly comply with the Statutory scheme since it only provides constructive notice;

8) Alleged Service of Process which does not strictly comply with the Statutory Requirements deprives the Court of Jurisdiction to render a Judgment. This is true even if the Defendant has actual knowledge of the litigation in time to defend;

9) Any Default Judgment rendered where the Court does not have Jurisdiction is a void judgment; and,

10) A void Judgment may be set aside at any time, even where the Defendant has knowledge of the litigation in time to defend itself.

Mix Law
A PROFESSIONAL CORPORATION
22787 Mulholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

DIX LAW
A PROFESSIONAL CORPORATION
22787 Mullholland Highway, PMB 414
Calabasas, CA 91302
(818) 876-3000 • Fax (818) 876-3033

For all of the foregoing reasons, Defendant FCH declare the Judgment entered in this matter void and allow FCH the right to respond to the litigation and defend itself.

Dated: 19 June 2016

Respectfully Submitted:
DIX LAW, APLC

By: /s/ Lloyd Douglas Dix
Attorneys for Defendant
FIDELITY CAPITAL HOLDINGS