UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 14-4379 DSF (AJWx) | Date | 7/21/16 |
|---|---|---|---|
| Title | Raymond Alvandi v. Fidelity Capital Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Motion to Set Aside Void Judgment (Dkt. No. 114)

The Court entered a default judgment against Defendant Fidelity Capital Holdings, Inc. on January 28, 2015. After repeated attempts at judgment enforcement by Plaintiff, Fidelity has now moved to set aside the default judgment as void for lack of proper service of process. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for August 1, 2016 is removed from the Court's calendar.

Under California law, a corporation may be served, among other ways, through service on the person designated to receive service of process. In lieu of direct personal service, service can be made on a person designated by a corporation to receive process "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20.

As of the date of service, Fidelity had designated Walter H. Carleton III, 216 S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Louise St., Glendale, California, as its agent for service of process.[1] Dell Decl., Ex. 1. The filed proofs of service demonstrate that the process server went to 216 S. Louise Street, Glendale, and attempted to leave the documents with the person apparently in charge of the office – a receptionist who, according to the process server, identified herself as "Leticia."[2] Dell Decl. Ex. 2, 3. "Leticia" instructed the process server to leave the documents in the mailbox outside of the office and refused entry to the office. Id. The complaint and summons were mailed the same day. Id. Fidelity admits that it received actual notice of the complaint and summons and chose to not answer because it believed that service had not been effectuated. Dix Decl. ¶¶ 2-3.

Service in this case was in compliance with California law. Service was made at the designated place of business of Fidelity's declared agent for service of process on the person who appeared to be in charge of the premises. Fidelity appears to believe that the papers had to be physically handed to "Leticia," but there is no requirement in California law that papers must be transferred hand-to-hand when the receiving person instructs otherwise. See also Khourie, Crew & Jaeger v. Sabek, Inc., 220 Cal. App. 3d 1009 (Cal. Ct. App. 1990) (service by leaving papers in exterior mailbox proper under § 415.20(a) where person in charge of premises refused entry and refused to accept process). Fidelity also invokes California Code of Civil Procedure § 415.20(b) and asserts both that reasonable diligence at personal service must be made before resort to substituted service and that the nature of the documents needed to be explained to "Leticia." But both of these requirements are found in § 415.20(b), which does not apply to corporations, and not in § 415.20(a), which does.

Service in this case complied with California law for service on a corporation. The motion to vacate judgment is DENIED.

---

[1] Fidelity denies that Carlton was Fidelity's agent for service of process, having departed the company years before, but there is no reason to doubt the sworn statement of Plaintiff's counsel – with supporting documentation – that the agent registered with the California Secretary of State as of the time of service was Walter H. Carleton III with an address of 216 S. Louise Street, Glendale.

[2] Fidelity denies that its receptionist was named Leticia. However, there is no question that the documents were delivered by the process server and no reason to doubt the process server's sworn statement that the person apparently in charge of the premises identified herself as "Leticia." That the woman's true name might not have been Leticia is of no moment. As Fidelity points out, some degree of personal security is probably advisable when one is an employee of a debt collector. See Dix Reply Decl. ¶ 6, Sallee Reply Decl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

IT IS SO ORDERED.